IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY ERNLE,

    Petitioner,

v.                                           Civil Action No. 5:18CV129
                                                                     (STAMP)

F. ENTZEL, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner, Timothy Ernle ("Ernle"), an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). For relief, petitioner requests that this Court order the Federal Bureau of Prisons ("BOP") to calculate his sentence with 570 days of pretrial detention credit pursuant to 18 U.S.C. § 3585(b). ECF No. 1 at 1-2. Thereafter, the magistrate judge entered an order to show cause why the writ should not be granted (ECF No. 9), and the respondent answered with a motion to dismiss or, in the alternative, for summary judgment. ECF No. 14. Petitioner filed a response in opposition. ECF No. 24.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The action was then reassigned to United States Magistrate Judge James P. Mazzone. The magistrate judge filed a report and recommendation recommending that the respondent's motion to dismiss or for summary judgment be granted, and that the petition be denied and dismissed with prejudice. ECF No. 28 at 15. Further, the magistrate judge recommended that the pending motions to expedite be denied as moot becuase the petitioner is not entitled to immediate release from federal incarceration. Id.

The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file specific written objections within 14 days after being served with copies of the report. The petitioner filed timely objections. ECF No. 31.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's

2

recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

On de novo review, this Court finds that the magistrate judge properly concluded that sole issue presented in this matter is whether petitioner is entitled to credit against his federal sentence from March 6, 2015, when he was granted a conditional release by the State of New York Department of Correctional Services and August 9, 2016, when petitioner entered exclusive federal custody. As the magistrate judge properly determined, petitioner acknowledges that 18 U.S.C. § 3585(b) does not authorize a credit on a federal sentence for any prison time that has already been credited to another sentence and precludes what is known as double counting. However, petitioner relies on United States v. Ortiz, 2009 U.S. Dist. LEXIS 63103 (E.D.N.Y. July 22, 2009)[2] and

---

[2]This Court notes that the magistrate judge, in the report and recommendation, appropriately reviewed and analyzed United States v. Ortiz, 2009 U.S. Dist. LEXIS 63103 (E.D.N.Y. July 22, 2009), as cited by the petitioner, despite an erroneous citation to "2009 U.S. Dist. LEXIS 63101" and an inadvertent short citation to "Ortez" on page 5 in a footnote and again on page 8.

3

Rosemond v. Menifee, 137 F. Supp. 2d 270 (S.D.N.Y. 2000) in asserting that had he not been in federal custody pursuant to a writ, he would have been released from the state on his conditional release date which was February 7, 2015, and the time thereafter until he was sentenced, would have been applied towards his federal sentence. Petitioner argues that federal authorities obtained primary jurisdiction of petitioner on March 6, 2015, when he was awarded conditional release to parole. Based on this shift in primary jurisdiction, petitioner continues to argue that he is entitled to 540 days of prior jail credit based on the reasoning in Ortiz. In the alternative, petitioner again argues that he is entitled tor relief as set forth in Rosemond, because but for federal action, i.e., the writ of habeas corpus ad prosequendum ("WHCAP"), he would have been released under available state procedures and credit would have given against his federal sentence.

In his report and recommendation, the magistrate judge recommended that the respondent's motion to dismiss or for summary judgment be granted and petitioner's petition be denied and dismissed with prejudice. In his analysis, the magistrate judge determined that "the issue raised in this petition has not been addressed by the Fourth Circuit and has rarely been discussed except by district courts within the Second Circuit," and ultimately concluded that "[t]o award Petitioner the relief he is

4

requesting would circumvent the sentencing judge's rational in awarding him a two level variance and would amount to an improper "windfall" not contemplated by either Ortiz or Rosemond." ECF No. 28 at 12, 14.

In petitioner's objections to magistrate judge's report and recommendation (ECF No. 31), the petitioner does not assert specific objections to the magistrate judge's report and recommendation but, rather, attempts to reassert his prior arguments in support of his petition which the magistrate judge directly addressed. Petitioner again recites arguments pursuant to Ortiz and Rosemond, the authority previously cited in the petitioner's petition and petitioner's response to the respondent's motion. ECF No. 31. However, these arguments do not specifically address the magistrate judge's report and recommendation.

Upon review, to the extent the petitioner asserts a more specific objection to the analysis of the magistrate judge's report and recommendation, it appears that the petitioner objects to the fact that the respondent did not address Ortiz in the motion to dismiss or for summary judgment. ECF No. 31 at 3. Petitioner states: "[t]he Magistrate within his Report an Recommendation recognized the fact that the Respondent did not address the authority and reasoning within Ortiz. In so doing, Petitioner asserts that the Magistrate, without any facts, improperly inserted his reasoning for that of the Respondent's and that said reasoning

5

was incorrect." Id. For the remainder of his objections, the petitioner asserts argument related to the magistrate judge's analysis of his "conditional release" status.

This Court has conducted a de novo review of the record in this civil action, including the authority cited by petitioner, in addition to the petition, the respondent's motion to dismiss or for summary judgment, the petitioner's response in opposition, and the report and recommendation of the magistrate judge. As to petitioner's sole specific objection, this Court finds that the magistrate judge correctly noted that the respondent did not address petitioner's reliance on Ortiz, but nevertheless, proceeded to properly analyze and distinguish Ortiz from the instant matter in stating that Ortiz dealt with a mandatory release date, not a conditional release date. ECF No. 28 at 12 n.3. Further, this Court finds that the magistrate judge properly considered the petitioner's argument as it relates to Rosemond, and noted several issues with its application to this action. ECF No. 28 at 13.

On de novo review, this Court finds that the report and recommendation sufficiently distinguished the authority cited by petitioner from the instant action. Further, this Court finds that in the instant case the actions of the federal authorities were not the sole reason for petitioner being held in federal custody and petitioner's unavailability for conditional release was in large part of his own doing at his own request. This Court finds,

petitioner himself requested on four separate occasions to remain in federal custody and his time in federal custody considered when the federal sentence was imposed. Therefore, as stated by the magistrate judge in his report and recommendation, to award petitioner the relief he is requesting would circumvent the sentencing judge's rational in awarding him a two-level variance and would amount to an improper "windfall" not contemplated by either Ortiz or Rosemond. For these reasons, this Court finds that petitioner is not entitled to the relief he requests and the petition must be denied.

As to the remainder of petitioner's arguments, which this Court finds are not specifically stated and do not specifically address particular portions of the magistrate judge's report and recommendation, but merely reiterate previous arguments, this Court finds no clear error in the report and recommendation of the magistrate judge and thus upholds his recommendation and overrules the petitioner's objections.

IV. Conclusion

For the reasons discussed above, the respondent's motion to dismiss or for summary judgment (ECF No. 14) is GRANTED, the report and recommendation of the magistrate judge (ECF No. 28) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE, and the petitioner's

7

objections (ECF No. 31) are OVERRULED.  Further, the petitioner's motions to expedite (ECF Nos. 8 and 26) are denied as MOOT.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 26, 2019


<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE